1  BRIAN SANDOVAL
   Attorney General
2  NHU Q. NGUYEN
   Deputy Attorney General
3  Nevada Bar No. 7844
   Litigation Division
4  100 North Carson Street
   Carson City, Nevada 89701-4717
5  Telephone: (775) 684-1249

6  Attorneys for Defendants Jackie Crawford and
   the State of Nevada *ex rel.* its Department of Corrections.

7

8

9

10             **IN THE UNITED STATES DISTRICT COURT**

11                    **DISTRICT OF NEVADA**

12

13  ROY ALAN O'GUINN,                    )   Case No. CV-N-05-0007-ECR-(VPC)
                                         )
14                   Plaintiff,          )
                                         )
15  vs.                                  )   **OPPOSITION TO MOTION FOR**
                                         )   **APPOINTMENT OF COUNSEL**
16  JACKIE CRAWFORD, *et al.*,           )
                                         )
17                   Defendants.         )
    ─────────────────────────────────────)

18      Defendants, Jackie Crawford and the State of Nevada *ex rel.* its Department of

19  Corrections, by and through their attorneys, Brian Sandoval, Attorney General of the State of

20  Nevada, and Nhu Q. Nguyen, Deputy Attorney General, oppose Plaintiff's "Motion and Notice

21  that Federal Public Defender Appointed on Plaintiff's Federal Habeas."

22      This Opposition is made and based upon the following Memorandum of Points and

23  Authorities and all other papers, pleadings and documents on file herein.

24  / / / / /

25  / / / / /

26  / / / / /

27  / / / / /

28  / / / / /

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### NATURE OF THE OPPOSITION

Defendants respectfully request this Court deny Plaintiff's motion for counsel because no circumstances exist to support Plaintiff's request that an attorney be appointed to represent him in this action.  Furthermore, Plaintiff cannot demonstrate a likelihood of success on the merits, the legal issues are not complex, and Plaintiff can adequately articulate the facts.

### II.

### FACTS

Plaintiff is an inmate currently incarcerated at the Lovelock Correctional Center.  On January 31, 2005, this Court filed Plaintiff's second amended complaint (#9[1]).  A cursory review of Plaintiff's complaint reveals that Plaintiff alleges two counts of violations of his civil rights pursuant to 29 USC § 794 and 42 USC § 12101.  *See* #9, p. 4-5.  Specifically, Plaintiff alleges that he is denied access to certain "programs" and "benefits" because of his "mental illness," and that his "disabilities" are not being accommodated.  *Id.*  On February 23, 2005, Plaintiff filed a motion requesting this Court appoint counsel to represent him in this matter (#14).

### III.

### ARGUMENT

Plaintiff states that the Federal Public Defender was appointed to represent him in an unrelated habeas corpus proceeding and asserts that "[i]t would be both judicially economic and legally streamlined for this case to also be effectuated by the federal defender's office." #14, p. 1. As this court is aware, a habeas corpus proceeding is not the same as a civil rights action.  A plaintiff in a civil rights action does not have a constitutional right to court-appointed counsel.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982), *cert. denied*, 459 U.S. 1214 (1983).

/ / / / /

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

---

[1]  This refers to the Court's docket number.

Federal courts are, in limited circumstances, empowered to *request* an attorney to represent an indigent civil litigant. *See* 28 U.S.C. § 1915(d). However, a motion for appointment of counsel is rarely granted because a district court will request counsel for an indigent civil litigant pursuant to section 1915(d) only when exceptional circumstances exist. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Gorenc v. Salt River Project Agr. Imp. & Power*, 869 F.2d 503, 509 (9th Cir. 1989) *cert. denied 493 U.S. 899 (1989)*.

A finding of exceptional circumstances, therefore, requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be reviewed together before reaching a decision. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The district court is given considerable discretion in determining whether appointment of counsel is necessary. Moreover, appellate reversal of trial court denials of motion for appointment of counsel are rare. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 800 (9th Cir. 1986).

In his motion, Plaintiff simply states that he "has had to rely upon others to assist him . . . [to initiate] this instant action." It is well-known that prisons often have "law clerks" that assist other inmates in court proceedings. #14, p. 1. It is also well-known that inmates will often assist each other with court proceedings. Plaintiff's statement failed to demonstrate how his reliance "upon others" is different from other inmates' reliance on others to assist them in their court proceedings. Accordingly, Plaintiff failed to establish that exceptional circumstances exist such that this Court should appoint counsel to represent him in this matter. Furthermore, Plaintiff has neither addressed nor established the likelihood that he will be successful on the merits of this case. Finally, this is not a complex case and only involves allegations that Defendants are not accommodating Plaintiff's "disability" and are denying him access to certain "programs" and "benefits."

/ / / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IV.

## CONCLUSION

This instant action is not complex.  Additionally, Plaintiff has failed to demonstrate exceptional circumstances and likelihood of success on the merits.  Based on the foregoing, Defendants respectfully request this Court deny Plaintiff's motion for appointment of counsel.

DATED this ___11th___ day of March, 2005.

BRIAN SANDOVAL
Attorney General

By _____
Nhu Q. Nguyen
Deputy Attorney General
Litigation Division

Attorneys for Defendants.

1

## CERTIFICATE OF SERVICE

2      I certify that I am an employee of the Office of the Attorney General, State of Nevada,

3  and that on this _____11 th_____ day of March, 2005, I served a true and correct copy of the

4  foregoing OPPOSITION TO MOTION FOR APPOINTMENT OF COUNSEL by depositing for

5  mailing with the U. S. Postal Service to the following:

6  ROY ALAN O'GUINN #67905
   LOVELOCK CORRECTIONAL CENTER
7  P O BOX 359
   LOVELOCK NV 89419-0359
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  C:\O'Guinn 007\Opp to Mtn for Appt of Counsel.DOC

26

27

28