BRIAN SANDOVAL
Attorney General
NHU Q. NGUYEN
Deputy Attorney General
Nevada Bar No. 7844
Litigation Division
100 North Carson Street
Carson City, Nevada 89701-4717
Telephone: (775) 684-1249

Attorneys for Defendants Jackie Crawford and
the State of Nevada *ex rel.* its Department of Corrections.

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROY ALAN O'GUINN, | Case No. CV-N-05-0007-ECR-(VPC) |
| Plaintiff, | |
| vs. | **RESPONSE TO ALTERNATIVE MOTION** |
| JACKIE CRAWFORD, *et al.*, | |
| Defendants. | |

Defendants, Jackie Crawford and the State of Nevada *ex rel.* its Department of Corrections, by and through their attorneys, Brian Sandoval, Attorney General of the State of Nevada, and Nhu Q. Nguyen, Deputy Attorney General, responds to Plaintiff's alternative motion contained in his Reply to Defendants' Response to Motion for Injunctive Relief. This Response is pursuant to Local Rule 7-2(b) and is made and based upon the following Memorandum of Points and Authorities, together with all other papers, pleadings and documents on file herein.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## NATURE OF THE RESPONSE

Defendants respectfully request this Court deny Plaintiff's alternative motion for this Court to direct Defendants to apply to this Court for permission prior to the transfer of Plaintiff, if any, to another facility. This alternative motion is unsupported and without merit and should be denied.

## II.

## PROCEDURAL HISTORY

On January 31, 2005, Plaintiff filed a Second Amended Complaint (#9[1]) and a Motion for a Preliminary Injunction (#12). In the motion, Plaintiff contends that Defendants will now move him out of Lovelock Correctional Center ("LCC") because he has filed a lawsuit against them and asking this Court for a preliminary injunction enjoining Defendants from moving Plaintiff to another facility. #12, p. 1. On February 7, 2005, this Court entered an order directing Defendants to respond to the motion. #13, p. 3. ll. 6-8. On March 15, 2005, Defendants filed their response to the motion. #17. On March 25, Plaintiff filed his Reply to Defendants' Response to his motion. #19. Contained in his Reply is an "alternative motion." #17, p. 2, l. 8.

## III.

## ARGUMENT

Plaintiff's "alternative motion" is unsupported and without merit. As stated in Defendants' Response to Plaintiff's Motion for Injunctive Relief, there are presently no plans to transfer Plaintiff from LCC. #17, p. 2, ll. 16-18. Dissatisfied and realizing that his motion for injunctive relief will probably be denied by this Court, in the Reply, Plaintiff states that:

> [I]nstead of a preliminary injunction plaintiff will alternately [sic] move the court to simply direct opposing counsel and her clients to NOT transfer plaintiff from the LCC prison unless they first apply to this court and submit a genuine penological basis for their intent to do so, and upon review by this court, if genuine cause exists, the court would grant the request.

---

[1] This refers to the Court's docket number.

2

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

#19, p. 2, ll. 9-12. Plaintiff attempts to support his alternative motion with statements such as "there is no guarantee whatsoever that a retaliatory move [such as transferring Plaintiff to another facility] won't occur at some point in this litigation," and that such action "is a typical maneuver that occurs when prisoners make a claim regarding their circumstances." #17, p. 2, ll. 4-7.

Plaintiff's statements are unsupported by any fact, evidence, or authority. Again, identical to his Motion for a Preliminary Injunction, the statements that Plaintiff make in an attempt to support his motion are mere speculation. Plaintiff fails to state any facts to support that LCC has ever transferred an inmate to another facility out of retaliation for filing a lawsuit. Moreover, this Court should afford deference to LCC's decisions regarding classification and re-classification and possible transfer of its inmates absent a strong countervailing reason. To do otherwise would be a waste of this Court's judicial resources and unduly burdensome for LCC. See Sandin v. Conner, 515 U.S. 472, 482, 115 S.Ct. 2293, 2299 (1995) ("the involvement of federal courts in the day-to-day management of prisons, often squandering judicial resources with little offsetting benefits . . . federal courts ought to afford appropriate deference and flexibility to [correctional institutions] trying to manage a volatile environment"). Plaintiff has not demonstrated any extraordinary reason why this Court should involve itself in LCC's day-to-day management of its inmates and facilities.

## IV.
## CONCLUSION

In light of the foregoing, Defendants respectfully request this Court deny Plaintiff's "alternative motion."

DATED this 11th day of April, 2005.

BRIAN SANDOVAL
Attorney General

By _____
Nhu Q. Nguyen
Deputy Attorney General
Litigation Division

Attorneys for Defendants.

3

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this ___11th___ day of April, 2005, I served a true and correct copy of the foregoing RESPONSE TO ALTERNATIVE MOTION by depositing for mailing with the U. S. Postal Service to the following:

ROY ALAN O'GUINN #67905
LOVELOCK CORRECTIONAL CENTER
P O BOX 359
LOVELOCK NV 89419-0359

*/s/ Pamela B. Shay*

C:\Nguyen\O'Guinn 007\Rspnse to Alt Mtn.DOC